Leach v. Elwood et al.

---

## ALONZO LEACH

### v.

## JAMES G. ELWOOD ET AL.

1. TRESPASS—DOGS RUNNING AT LARGE—AUTHORITY OF CITY TO PROHIBIT.—The legislature, by virtue of its police power, may confer upon a city authority to pass an ordinance declaring what shall be considered a

nuisance, and for its abatement; and may also, when necessary for the public safety, authorize dangerous animals to be summarily destroyed by city authorities without notice to the owners. . The killing of a dog running at large in violation of an ordinance prohibiting the same, is not such an unauthorized proceeding as will create a liability for its loss.

2. PRACTICE—JUDGMENT WHERE ISSUE UNDISPOSED OF.—It was error to render final judgment on demurrer while the issue on a plea of one defendant remained undisposed of.

ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed January 17, 1879.

Messrs. MUNN & MUNN, for plaintiff in error; that the ordinance being operative or inoperative, at the will of the mayor, was in effect an unauthorized delegation of power to him, and therefore void, cited East St. Louis v. Wehrung, 50 Ill. 28.

The law recognizes the right of property in dogs: Pickering v. Orange, 1 Scam. 338; Spray v. Ammerman, 66 Ill. 309; Kightlinger v. Egan, 75 Ill. 141.

Mr. C. B. GARNSEY, for defendants in error; that the judgment was proper, cited Bouv. Law Dict. title "Judgments;" Ward v. Stout, 32 Ill. 399; Miles v. Danforth, 37 Ill. 156; Mt. Carbon R. R. v. Andrews, 53 Ill. 177.

Error must be affirmatively shown, and there is nothing in the record to show that, as to the city, there was not a hearing on the merits: Gardner v. Russell, 78 Ill. 292; Hough v. Baldwin, 16 Ill. 293; Reeves v. Mitchell, 15 Ill. 297; Casey v. Harvey, 14 Ill. 45.

The killing was justifiable, being an exercise of the police power: Brent v. Kimball, 60 Ill. 211; Tower v. Tower, 18 Pick. 342; Blair et al. v. Forehand, 100 Mass. 136; Carter v. Dow, 16 Wis. 298; Cummings v. Perham, 1 Met. 555; Morey v. Brown, 42 N. H. 373.

As to the power to regulate nuisances: Lake View v. Rosehill Cemetery Co. 71 Ill. 191; Daniels v. Hilgard, 77 Ill. 640; Brush v. Lemma, 77 Ill. 496; C. B. & Q. R. R. Co. v. Haggarty, 67 Ill. 113.

SIBLEY, J.   The plaintiff in error brought an action of

Leach v. Elwood et al.

trespass in the Circuit Court of Will county against James Elwood, James Fanning and the city of Joliet, for shooting his dog, valued at five thousand dollars. The city pleaded not guilty, upon which issue was joined, and the defendants, Elwood and Fanning, filed two pleas: First, not guilty, and 2nd a special plea, as follows:

"And for a further plea in this behalf, said defendants, impleaded with said city of Joliet, by leave, etc., say *actio non*, because they say that at and before the time, etc., in said plaintiff's narr. mentioned, said defendant, the city of Joliet, was a municipal corporation, duly organized under the laws of this State, and the Common Council of said city had power and authority, by virtue of such laws, by ordinance, to prevent and regulate the running at large of dogs, and to authorize the destruction of the same when at large contrary to ordinance; and these defendants further aver that said city had, before the time when, etc., in said plaintiff's narr. mentioned, provided by ordinance that the mayor of said city might, from time to time, on an alarm of mad dogs, prohibit, by notice in some public newspaper or printed hand-bills, all dogs running at large within the city limits of said city of Joliet, and might appoint deputy marshals with the authority to kill all dogs found at large within their said city or its limits ; that such prohibition should continue as long as, in the discretion of said mayor, should be required, and until public notice should be given by said mayor of the discontinuance thereof. And these defendants aver that said James G. Elwood, defendant herein, was at and before the time when, etc., in said narr. mentioned, mayor of said city of Joliet aforesaid; and further aver that before the time when, etc., there was an alarm of mad dogs in said city of Joliet aforesaid, and that before the time when, etc., the said defendant as such mayor, on such alarm of mad dogs being had, did prohibit all dogs from running at large within the limits of said city of Joliet aforesaid, by notice by printed hand-bills, that all dogs within the limits of said city should be muzzled, and that all dogs found upon the public streets of said city of Joliet, unmuzzled and running at large within the limits of said city,

would be shot; and afterwards and before the time when, etc., said mayor appointed this defendant, Fanning, a deputy marshal of said city, and authorized him as such deputy, under the provisions of said ordinances, to kill all dogs and sluts found running at large and unmuzzled, and upon the public streets of said city within the limits of said city, of all which said plaintiff had notice. And these defendants aver that at the time when, etc., said ordinance was in full force, and that said prohibition of said mayor was in full force, and had not been discontinued by notice from said mayor or otherwise; and defendants aver, that at the time when, etc., said dog in said plaintiff's narr. mentioned, was running at large and unmuzzled on the public streets of said city of Joliet, and within the limits of said city, to wit: on Desplaines street, and that this defendant, Fanning, acting as such deputy marshal, and not otherwise; and while said ordinance and prohibition of said mayor was in full force, and while such dog was running at large and unmuzzled as aforesaid, did shoot and kill said dog, which is the same trespass in each and every count in said plaintiff's narr. mentioned and described, and none other; this they, these defendants, are ready to verify, wherefore, etc."

The plaintiff demurred to the second plea of defendants, Elwood and Fanning, although the demurrer commences by calling it the plea of the city of Joliet and James D. Elwood, and concludes by praying judgment as to the defendants, Fanning and Elwood. The court overruled the demurrer, and the plaintiff elected to stand by it; whereupon judgment was rendered against him for costs and in favor of all of the defendants. To which ruling of the court the plaintiff excepted, and has brought the record here assigning for error the action of the court in the disposition of the case.

We are unable to discover any substantial objection to the plea.

That the legislature by virtue of its police power for the security of the public welfare, had the right to confer authority upon the city of Joliet to pass the ordinance described in the plea is not questioned, and that the city was empowered by its charter, or even under the general incorporation law, by which

Leach v. Elwood et al.

it is asserted its powers were being exercised (of the fact however, we are wholly unapprised) to pass an ordinance like the one referred to, declaring what should be deemed a nuisance, and providing for its abatement is equally evident.

It was so held in Blain v. Hutchinson, 100 Mass. 136, on a question similar to the one in dispute, that " the legislature may not only provide that certain kinds of property may be seized and confiscated upon legal process after notice and hearing, but may also, when necessary to insure the public safety, authorize them to be summarily destroyed by the municipal authorities without previous notice to the owner."

It is doubtless true that this power cannot be extended to include objects which are not in their nature offensive or dangerous to the community, but dogs running at large in the streets of a populous city, as we have seen under the circumstances alleged in the plea, may well be considered an evil that can be dealt with in a summary manner. The right of society to protect itself against such dangerous animals is in its very nature an inherent one, and he who fails to observe any reasonable regulation of a municipality restraining them from so jeopardizing the safety of the inhabitants of the city must take the consequences of his own neglect.

While it may be true that owners have a certain right of property in their dogs, not recognized at common law, nevertheless they are, even when domesticated, of that wild nature and destructive instincts which renders the animal subject to any reasonable police regulations that have been established by the proper authorities to protect society against their depredations. Hence the owner can be compelled to keep his dog in such a manner as not to endanger the rights of others. If, then, the animal was running at large in violation of the ordinance, as stated in the plea, after having been declared a nuisance, by being allowed to do so it would seem to follow that the city authorities had a right to abate the nuisance, and that the most effectual way of accomplishing this purpose was taken, cannot upon principle or reason be considered an unauthorized proceeding.

A fine perhaps would, if imposed, have been more desirable

to the owner, but less security to the citizens, and we are not prepared to say that the city authorities exceeded their powers. Nor is any serious objection discovered to the means adopted for carrying into effect the ordinance. Therefore, the court committed no error in overruling the demurrer to the plea.

Still the judgment of the Circuit Court must be reversed, for the reason it does not appear that the issue on the plea of not guilty by the city was ever disposed of. The point is made that judgment having been pronounced on the demurrer to a plea by two of the defendants, the cause was at an end as to all of them, since a judgment could not be rendered in favor of one on the law and another on the facts.

This could, however, have been easily obviated by suspending any judgment upon the demurrer until the issue of fact was determined. Judgment reversed and cause remanded.

Reversed and remanded.