CARRIE CULVER

v.

THE CITY OF STREATOR.

*Master and Servant—Municipal Corporations—Negligence of Police Officers—Injury to Third Person while Enforcing Ordinance—Unmuzzled Dogs—Pleading.*

1. A declaration failing to set up a state of facts that will warrant a recovery, but which on the other hand shows that none can be had, is bad.

2. A municipality is not liable in damages for an injury inflicted by a servant while enforcing an ordinance relating to the public welfare, such as killing unmuzzled dogs.

3. It *seems*, in such case, that the servant and his bondsmen are alone liable to the person injured.

[Opinion filed July 1, 1889.]

IN ERROR to the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. JOEL T. BUCKLEY and McDOUGALL & CHAPMAN, for plaintiff in error.

Messrs. WALTER REEVES and WILLIAM H. BOYS, for defendant in error.

C. B. SMITH, J. This was an action on the case brought by plaintiff in error against defendant in error, to recover for an injury sustained by her at the hands of an officer or employe of the city, in executing one of its ordinances. The declaration filed contained several counts, stating the injury in different ways, but all the counts being substantially alike. The fifth and fullest count in the declaration is as follows:

"And also, for that, whereas, heretofore, to wit, on the 10th day of May, A. D. 1887, in the said city of Streator, defendant had a certain ordinance then in force, which said ordinance had, previous to said time, been duly and regularly adopted and made a part of the ordinances of said city by its mayor and common council, in and by which ordinance the running at large of dogs in said city, not muzzled, was forbidden, and it further provided that all such dogs so running at large, contrary to said ordinance, should be destroyed. And the plaintiff avers that the said defendant, by its servants, while enforcing said ordinance, as it lawfully might, and while killing and destroying dogs running at large contrary to the provisions of said ordinance, and while the plaintiff was exercising all due care and caution, so negligently and carelessly performed said acts and duty that, by reason of said

carelessness and negligence of the said servants of the said defendant, the said plaintiff was shot, struck, wounded, bruised and injured by said servants, and by reason thereof she became sick, sore, lame, disordered and permanently injured and disabled, and from thence hitherto has been, and still is, disordered and disabled, whereby she has, and does still, continue to suffer great pain, and was, and is, injured in her body and health, and also by means of the premises, was obliged to, and did, lay out a large sum of money, to wit, the sum of $1,000, in and about endeavoring to be healed of the said wounds, bruises, sickness, lameness, disorders and disabilities, besides her other damages in this cause most wrongfully sustained. Wherefore the plaintiff says that she has been injured and has sustained damages to the amount of $25,000, and therefore she brings her suit," etc.

To this declaration and each count thereof, the defendant filed a general demurrer which the court sustained, and the plaintiff abiding by her declaration, judgment was rendered against her for costs. She now sues out this writ of error and brings the case here for review. The single question presented for our consideration is as to the sufficiency of this declaration to charge the city and make it liable for the injury to the plaintiff resulting from the negligence or misconduct of those charged with the enforcement of the ordinance. The demurrer was properly sustained. The declaration not only does not set out such a state of facts as to make the city liable for the misconduct of the officer, but on the contrary shows that the city is not liable. It seems to be well and uniformly settled, that municipal corporations such as cities and villages are not liable for the wrongful or negligent conduct of its servants or police officers in the execution or enforcement of such ordinances as relate to the public welfare generally, such as relate to preserving the peace and order of the community and to protecting the health of the city against pestilence, suppressing fires, killing dogs under ordinances or proclamations in case of threatened danger from them, and generally the enforcement of such ordinances as appropriately fall within the police power of the city or State, and in which

the public generally are concerned. In the exercise of these functions and the enforcement of the class of ordinances above named, the corporation acts only as the agent of the sovereign or State in the enforcement of delegated powers for the public good, as contradistinguished from the acts of the corporation, in the management of its own purely private affairs, which concern its own citizens chiefly or entirely, such as the care and management of its streets, sidewalks and public buildings and the like. The following authorities fully sustain the views we have above expressed. Dillon's Municipal Corporations, Sec. 974 to 979, incl.; Town of Odell v. Schroeder, 58 Ill. 353; Pritchard v. Keefer, 53 Ill. 177; Colwell v. City of Boone, 57 Iowa, 687; Ogg v. City of Lansing, 35 Iowa, 495; Elliot v. Philadelphia, 75 Pa. St. 347; Buterick v. City of Lowell, 1 Allen, 172; Haffen v. New Bedford, 16 Gray, 277; Wilcox v. City of Chicago, 107 Ill. 104; Leach v. Elwood, 3 Ill. App. 453.

The declaration shows that the officer or servant of the city through whose negligence the plaintiff was shot and injured, was acting under an ordinance for the destruction of unmuzzled dogs. This was the exercise of a very important public function, involving the safety of the public from the danger of rabid dogs. The city had not only the right but it was its duty to protect the public against this possible danger, as was held in Prichard v. Keefer, *supra.*

The officers and agents of the cities executing or enforcing this class of ordinances may make themselves and possibly their bondsmen (if they have any) liable for their negligence or misconduct, but it is clear they can not bind the city in such cases.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*