THE PRESIDENT AND BOARD OF TRUSTEES OF THE TOWN

OF ODELL

*v.*

ADOLPH SCHROEDER *et ux.*

1.  FALSE IMPRISONMENT.   A town officer who holds in custody a person committed by a verbal order of a police magistrate for non-payment of a fine imposed for the breach of a town ordinance, acts not only without authority, but in violation of law.

2.  MUNICIPAL CORPORATIONS—*whether liable for unauthorized acts of officers.*   A municipal corporation is not liable for the illegal and unauthorized acts of its officers, in administering an ordinance.   Nor is it made liable by the fact that its board of trustees are cognizant of the tortious act, or even participate therein.

3.  SAME—*execution against.*   It is erroneous to issue execution on a judgment against a municipal corporation.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. PILLSBURY & LAWRENCE, and Mr. A. P. WRIGHT, for the appellants.

Messrs. HUGHES & McCART, for the appellees.

23—58TH ILL.

| | |
|---|---|
| 58 | 353 |
| 21a | 579 |
| 58 | 353 |
| 130 | 244 |
| 58 | 353 |
| 32a | 610 |
| 58 | 353 |
| 34a | 80 |
| 58 | 353 |
| 49a | 552 |
| 58 | 353 |
| 171 | 335 |
| 58 | 353 |
| 78a | 314 |
| 58 | 353 |
| 180 | 156 |
| 58 | 353 |
| 182 | 138 |
| 58 | 353 |
| 97a | 334 |

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action on the case, brought by Adolph Schroeder and Hattie Schroeder, his wife, in the Livingston circuit court, against appellants, to recover damages for a false imprisonment. It appears the town of Odell was incorporated under the general laws of this State, and had, by virtue of such laws, passed ordinances for the preservation of the peace, and had appointed officers and entrusted them with the power of enforcing the ordinances thus adopted ; that in March, 1868, Mrs. Schroeder was charged, before a justice of the peace of the town, with assault and battery ; a warrant was issued, she was arrested, taken before the justice, and on a trial she was fined $15. She was then confined in the town prison immediately on the termination of the trial, which was about dark, and remained so confined until the next evening. The town prison was not close ; it was without fire, bedding or other furniture, except a little straw which was damp, until a few hours before she was released, when a stove was put up and a fire made. The weather was cold and very disagreeable.

It is claimed that Mrs. Schroeder received great and permanent injury to her health, and this suit is instituted to recover damages for the injury. On a trial in the McLean circuit court, to which the venue had been changed, the jury found a verdict for $900, upon which the court below rendered a judgment.

It nowhere appears that the constable had any mittimus or warrant for the committal of Mrs. Schroeder to prison. All that is claimed is, that the justice of the peace directed the constable " to take care of her." Without a mittimus, the constable had no right to imprison her. He had received an execution against her property, but that conferred no power to imprison. The mere order of the justice of the peace "to take care of her," although it may have made him a party to the imprisonment, could confer no authority. The law has not vested justices of the peace with the power to order persons to

be imprisoned at their pleasure.  For the breach of a town ordinance, the party forfeits a sum of money that may be recovered by the corporation in an action of debt.  But the proceeding is not criminal in its form.  The justice of the peace had no more right to order the committal, than he would, at the end of a trial between two individuals, to order the defendant to be imprisoned.  And when officers assume the power to imprison without authority of law, or without any of the forms or processes usual and necessary to be employed, they become liable for false imprisonment.  The liberty of the citizen can not be so far trifled with, that any constable in the land may of his own volition, commit and hold him in custody until it suits his convenience or pleasure to release him ; nor may a justice of the peace order whom he may choose to be thus confined.  The constitution prohibits it from being done except by due process of law.  The liberties of the people depend upon a firmer basis than the will and pleasure of such officers.  All rightful imprisonment is the sentence or act of the law, and that sentence must be reached through the proceedings appointed by the law. Despotic or absolute power, in every form, is prohibited by our constitution.

It however remains to determine whether the town is liable for this imprisonment.  The fact that the trustees adopted the ordinances, and appointed the town constable to see they were executed, did not render the town liable for the unauthorized, illegal and oppressive acts of that officer.  They, as the representatives of the town only empowered him to do what the ordinances required, and not to oppress citizens of the place.  They did not direct the act to be done, either as a board or as individuals; they, we must suppose, had no idea the officer would do anything more than the law required. All officers are required to perform their duty, and the electing or appointing power expects them to do no more; and if they

should, that power is not responsible for the wrong. This was the individual act of the officers.

The building of the prison was a lawful act, and its construction did not render the town liable for the wrongful imprisonment of persons therein, when they have done no act contributing to it. Whether they, as individuals, would be liable for creating a noisome, unhealthy and uncomfortable prison, and requiring persons, by ordinance, to be incarcerated in it, is a question not now before us for consideration, and is therefore not discussed. But while the trustees and other officers might, by illegal and unwarranted exercise of power, render themselves individually liable, that would not render the town liable. Any information the trustees may have had in reference to this imprisonment, or even had they participated in the illegal imprisonment, could not render the corporation liable. The people, when they elect these officers, can not be presumed to have intended to authorize them to do illegal acts ; to so hold, would be to indulge in a presumption wholly unauthorized, as we know such could not have been intended. Their election but authorizes them to perform legal acts, and to exercise legitimate power ; and when they depart from their proper power, they must be held individually liable, but not to impose a liability on the corporation. It would not be held that a county would become liable for the wrongful or oppressive acts of a sheriff, because the people had elected him to the office ; and, in principle, what constitutes the difference ?

Nor could the fact that the trustees knew of the imprisonment, in any manner render the town liable, any more than would such knowledge by any other citizens of the village. Having provided proper ordinances for the police of the town, they had performed their duty, and were not required to give their personal attention to their enforcement. They are not required by their charter to act individually in prosecuting persons for violating such ordinances.

On no grounds presented by this record, do we perceive the corporation can be held liable. It was also error to award execution against the town. *The City of Chicago* v. *Hasley,* 25 Ill. 595.

The judgment is therefore reversed and the cause remanded.

*Judgment reversed.*