FREDERICK W. WILCOX

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

1.  MASTER AND SERVANT—*respondeat superior.*  A master is liable for injury to others caused by negligence of his servant while in the performance of acts within the line of his duty.

2.  SAME—*exception to the rule, as to liability of a city for negligent acts of members of its fire department.*  But cities are not liable for the negligent acts of the officers or men employed in their fire departments while in the discharge of their duty, thus creating an exception in this class of cases to the general rule of *respondeat superior.*

3.  This exemption from liability is placed by some of the authorities upon the ground that the service is performed by the corporation in obedience to an act of the legislature, and that the members of the fire department, although appointed and paid by the city, are to be regarded rather as officers of the city charged with a public service, than as servants of the city for whose conduct it is liable.  But it is not essential to the doctrine of exemption that the service should be performed in obedience to a positive requirement of the law.  The exception to the rule obtains even where there is a merely voluntary exercise of a power given by statute, and may well rest upon the ground of public policy, which would forbid the existence of such liability.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. WILLARD & DRIGGS, for the appellant:

A person standing in the relation of master to one he has selected as his servant from a knowledge or belief in his skill, and who can remove him for misconduct, and whose orders the employé is bound to receive and obey, is liable for his acts of negligence in the business entrusted to him, whether such servant has been appointed directly, or through the intervention of an agent.  *Quarman* v. *Berinet et al.* 6 M. & W. 509; *Milligan* v. *Hedge,* 12 A. & E. 737; *Rapson*

v. *Cubitt,* 9 M. & W. 710; *Martin* v. *Temperly,* 4 Q. B. 298; *Reedie* v. *L. and N. W. Ry. Co.* 4 W. G. & G. 255; *Spaight* v. *Tedcastle,* 6 App. Cases, 217.    See, also, *Hinde* v. *Wabash Nav. Co.* 15 Ill. 72; *West* v. *St. Louis, Vandalia and Terre Haute Ry. Co.* 63 id. 545; *Sproule* v. *Hemingway,* 14 Pick. 1.

If the appellee.had become an incorporated body involuntarily, then it might be deemed to be a part of the State sovereignty, the same as a town or county, and therefore would not be liable.    *Town of Waltham* v. *Kemper,* 55 Ill. 346; *White et al.* v. *County of Bond,* 58 id. 297; *Symonds* v. *Clay County,* 71 id. 355.

But an incorporated city holds a different relation, and is liable for the non-performance of any duty enjoined by positive requirement contained in the charter, or arising out of its' adoption, or the exercise of the powers therein conferred. *Clayburg* v. *City of Chicago,* 25 Ill. 535; *City of Jacksonville* v. *Lambert,* 62 id. 519.

One of the duties of a municipal corporation arising out of the voluntary adoption of its charter, is to use reasonable care in the conduct of any work which it undertakes, and the accomplishment of which is within its corporate power. *City of Joliet* v. *Verley,* 35 Ill. 58; *City of Chicago* v. *O'Brennan,* 65 id. 160; *City of Chicago* v. *Powers,* 42 id. 169; *City of Chicago* v. *Turner,* 80 id. 419; *City of Chicago* v. *Joney,* 60 id. 383; *City of Freeport* v. *Isbell,* 83 id. 440; *City of Chicago* v. *Dermody,* 61 id. 431.

Mr. JULIUS S. GRINNELL, for the appellee:

A municipal corporation is not liable for the negligence of firemen, appointed and paid by it, who, when engaged in their line of duty, upon an alarm of fire run over a person in drawing a hose reel, etc.    Dillon on Mun. Corp. secs. 964, 976; *Fisher* v. *Boston,* 104 Mass. 87; *Jewett* v. *New Haven,* 38 Conn. 368; *Ogg* v. *Lansing,* 35 Iowa, 495; *Field* v. *Des-Moines,* 39 id. 575; *Heller* v. *Mayor of Sedalia,* 53 Mo. 159;

*McKenna* v. *St. Louis,* 6 Mo. App. 320 ; *Howard* v. *San Francisco,* 51 Cal. 52.

Firemen are not the agents or servants of the municipal corporation, but are public officers, agents or servants of the public at large, and the corporation is not responsible for their acts or omissions. *Maximilian* v. *Mayor,* 62 N. Y. 160 ; *Smith* v. *Rochester,* 76 id. 51 ; *O'Meara* v. *Mayor,* 1 Daly, 428 ; *Hafford* v. *City of New Bedford,* 16 Gray, 297.

A city is not liable for the illegal and negligent acts of a policeman. Dillon on Mun. Corp. sec. 975 ; *Odell* v. *Schrœder,* 58 Ill. 353 ; *Jewett* v. *New Haven,* 38 Conn. 368.

Messrs. WILLARD & DRIGGS, in reply, reviewed the authorities cited in behalf of appellee, insisting they were in cases where the legislature had required of the municipality that a fire department be established and operated in a manner generally prescribed in the act, and had no reference to a case like the present, where the action of the municipality in that regard was purely voluntary,—not in obedience to any act of the legislature.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This suit was brought by appellant in the Superior Court of Cook county, against the city of Chicago, to recover damages sustained by appellant by a collision between his carriage and a hook and ladder wagon of the city, through the alleged neglect of the driver of the ladder wagon, whilst in the service of the appellee in saving property from destruction by fire. A general demurrer was filed to the declaration, and sustained by the court, and a judgment rendered against plaintiff for costs. The case was taken to the Appellate Court, and the judgment was affirmed, and it is brought to this court, and the sustaining of the demurrer is assigned for error.

The question presented is, whether the relation of master and servant exists between the driver of the ladder wagon

and the city, and it is responsible for the negligent acts of the driver whenever engaged in the performance of his duty under the ordinance of the city, or whether the relation is an exception to the general rule. It has long been settled, and perhaps never questioned, that the master is liable for injury from the negligent acts of his servant whilst performing acts within the line of his duty. But the whole question here turns upon whether that relation exists.

Appellant contends that inasmuch as the city voluntarily undertook to, and did, organize a fire department, which is under the entire control of the city, and as it appoints its officers, pays them and the firemen, and discharges them through its officers, and the whole department is controlled, regulated, and its duties prescribed, by city ordinance, nothing more can be required to create the relation of master and servant between it and its employés. The department is as completely under the control of the city as the board of public works, or any other department of the city government.

The 64th clause of section 62, of chapter 24, Rev. Stat. 1874, confers the power "to erect engine houses, and provide fire engines, hose carts, hooks and ladders, and other implements for prevention and extinguishment of fires, and provide for the use and management of the same, by voluntary fire companies or otherwise." It is claimed this but confers a power that the city is at liberty to exercise, or not, at will; that it is in no sense compulsory, but its exercise is purely voluntary, and the city having chosen to organize and control the department, it is unlike, in its effects and consequences, the exercise of a power imposed upon the city by legislative requirement,—this is voluntary and that would be compulsory, and this should make a difference in the two cases; that if the legislature had compelled the exercise of this power it would have been exercising a portion of the power of the State, and the city should, in such a case, not

be any more responsible for the action of those employés in carrying out the power, than counties for the acts of sheriffs and other officers required by law; that the city having voluntarily assumed the exercise of this power, it should be responsible for its proper and reasonable exercise. These are the grounds urged for a reversal of the judgment of the court below.

On turning to the reported cases of the courts of other States, we find a uniform line of decisions holding that cities are not liable for the negligent acts of the officers or men employed in their fire departments whilst in the discharge of their duty, thus creating an exception in this class of cases to the general rule of *respondeat superior.* In his work on Municipal Corporations, Dillon (1st ed. sec. 774,) says: "So, although a municipal corporation has power to extinguish fires, to establish a fire department, to appoint and remove its officers, and to make regulations in respect to their government and the management of fires, it is not *liable for the negligence of the firemen* appointed and paid by it, who, when engaged in the line of their duty, upon an alarm of fire ran over the plaintiff, in drawing a hose reel belonging to the city, on their way to the fire; nor for injuries to the plaintiff caused by the bursting of the hose of one of the engines of the corporation, through the negligence of a member of the fire department. The exemption from liability is placed upon the ground that the service is performed by the corporation in obedience to an act of the legislature,—is one in which the corporation has no particular interest, and from which it derives no special benefit in its corporate capacity; that the members of the fire department, although appointed by the city corporation, are not the agents and servants of the city, for whose conduct it is liable, but they act rather as officers of the city, charged with a public service, for whose negligence in the discharge of official duty no action lies against the city without being expressly given, and the maxim

*respondeat superior* has, therefore, no application." He refers to the cases of *Hafford* v. *New Bedford*, 16 Gray, 297, and *Fisher* v. *Boston*, 104 Mass. 87, which support the text.    In New York the same doctrine is applied in *Maximilian* v. *Mayor*, 62 N. Y. 160, and *Smith* v. *Rochester*, 76 id. 513.    In Connecticut, in the case of *Jewett* v. *New Haven*, 38 Conn. 368.    In Iowa, in *Ogg* v. *Lansing*, 35 Iowa, 495, and *Field* v. *Des Moines*, 39 id. 575.    In Missouri, by *Heller* v. *Mayor*, 53 Mo. 159.    In California, in *Howard* v. *San Francisco*, 51 Cal. 52.    The same doctrine has been announced by the Supreme Court of Ohio.

In favor of the doctrine, it may be that an additional, if not more satisfactory, reason for its adoption and rendering it an exception to the general rule may be found in public policy.    If liable for neglect in this case, the city must be held liable for every neglect of that department, and every employé connected with it, when acting within the line of duty.    It would subject the city to the opinions of witnesses and jurors whether sufficient dispatch was used in reaching the fire after the alarm was given; whether the employés had used the requisite skill for its extinguishment; whether a sufficient force had been provided to secure safety; whether the city had provided proper engines and other appliances to answer the demands of the hazards of fire in the city; and many other things might be named that would form the subject of legal controversy.    To permit recoveries to be had for all such and other acts would virtually render the city an insurer of every person's property within the limits of its jurisdiction.    It would assuredly become too burthensome to be borne by the people of any large city, where loss by fire is annually counted by the hundreds of thousands, if not by the millions.    When the excitement is over and calm reason assumes its sway, it may appear to many where other methods could have been adopted to stay destruction, that appear plausible as theories, and their utter fallacy can not be de-

monstrated by any actual test. To allow recoveries for the negligence of the fire department would almost certainly subject property holders to as great, if not greater, burthens than are suffered from the damages from fire. Sound public policy would forbid it, if it was not prohibited by authority.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*