CARRIE CULVER

*v.*

THE CITY OF STREATOR.

*Filed at Ottawa November 26, 1889.*

1. POLICE POWER—*of municipal corporation—defined.* The police power of a municipal corporation may be defined, in general terms, as comprehending the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public; and all persons officially charged with the execution and enforcement of such police ordinances and regulations are, *quoad hoc,* police officers.

2. RESPONDEAT SUPERIOR—*as applied to municipal corporations—as respects the acts or negligence of their officers.* Police officers appointed or employed by a city are not its agents or servants so as to render the city responsible for their unlawful or negligent acts in the discharge of their duties, or in executing or enforcing police ordinances and regulations.

3. An incorporated city is not responsible to a person who receives a personal injury from one of its officers or agents in enforcing an ordinance prohibiting the running at large of unlicensed and unmuzzled dogs, as, where, in attempting to kill a dog, through negligence and carelessness the officer shoots and wounds such person.

4. Whether a person *is* a servant or employe of a municipal corporation in such sense as calls for the application of the rule *respondeat superior,* depends mainly upon whether he was employed to perform acts which the corporation could do in its private or corporate character, or acts which the corporation was empowered to do in its public capacity as a governing agency, and in discharge of duties imposed for the public or general welfare. Acts performed in the exercise of the police power belong to the latter class, and the rule does not apply.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of La Salle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

This was an action on the case, brought by Carrie Culver against the city of Streator, to recover damages for a personal injury. A demurrer having been sustained to the plaintiff's original declaration, an amended declaration was filed, consisting of four counts. The fourth count in which the plaintiff's cause of action seems to be set out with the greatest fullness is as follows:

"And also, for that, whereas, heretofore, to-wit, on the 10th day of May, A. D. 1887, in the said city of Streator, defendant had a certain ordinance then in force, which said ordinance had, previous to said time, been duly and regularly adopted and made a part of the ordinances of said city by its mayor and common council, in and by which ordinance the running at large of dogs in said city, not muzzled, was forbidden; and it was further provided, that all such dogs so running at large contrary to said ordinance should be destroyed. And the plaintiff avers that the said defendant, by its servants, while enforcing said ordinance, as it lawfully might, and while killing and destroying dogs running at large contrary to the provisions of said ordinance, and while the plaintiff was exercising all due care and caution, so negligently and carelessly performed their said acts and duty, that by reason of the said carelessness and negligence of the said servants of the said defendant, the said plaintiff was shot, struck, wounded, bruised and injured by said servants, and by reason thereof she became sick, sore, lame, disordered and permanently injured and disabled, and from thence hitherto has been, and still is, disordered and disabled, whereby she has and does still continue to suffer great pain, and was and is injured in her body and health, and also, by means of the premises, was

obliged to and did lay out a large sum of money, to-wit, the sum of $1000, in and about endeavoring to be healed of the said wounds, bruises, sickness, lameness, disorders and disabilities, besides her other damages in this cause most wrongfully sustained, wherefore the plaintiff says that she has been injured and has sustained damages to the amount of $25,000, and therefore she brings her suit," etc.

The third count avers that, "on the 10th day of May, A. D. 1887, the defendant, the said city of Streator, while in the discharge of its duty in destroying dogs running at large contrary to the ordinances of said city, through its servants, so negligently and carelessly performed its said duties that the plaintiff, while conducting herself with all due care and caution, was, by the said servants of the said defendant, while in the performance of their duty as aforesaid, shot, struck, wounded, bruised and injured," etc.

The first and second counts, which are substantially identical, aver that, "on the 10th day of May, A. D. 1887, the said defendant, as it lawfully might, hired and employed certain servants to shoot and kill all dogs at large in said city which were not duly licensed by the said city; that it became the duty of the said servants and agents so employed, as aforesaid, in the business of the said city, as aforesaid, to use due care and caution in the performance of the said duty, yet the said servants and agents did not regard their said duty, or use due care and caution while in the employ of the said city, as aforesaid, in that behalf, but on the contrary thereof, and while the plaintiff was in the exercise of all due care and caution, they, the said servants and agents, so carelessly and negligently performed the said duty, that the plaintiff was thereby, then and there, by the said servants and agents aforesaid, shot, wounded, bruised and injured," etc.

A general demurrer to the amended declaration and each and every count thereof was sustained by the court, and the plaintiff electing to abide by said declaration, final judgment

was rendered against her for costs. Said judgment was thereupon taken by writ of error to the Appellate Court where it was affirmed, and by writ of error from this court to the Appellate Court, the record is now brought here for review.

Mr. JOEL T. BUCKLEY, and Messrs. McDOUGALL & CHAPMAN, for the plaintiff in error:

The city, in enforcing the ordinance, was not performing a public duty, but one which relates entirely to corporate powers, and the maxim *respondeat superior* applies. Dillon on Mun. Corp. (2d ed.) sec. 772.

There is no statute authorizing a city to destroy dogs running at large, as was done in this case, but the authority is conferred on the city as one of its corporate powers to enact and enforce such an ordinance. The officer committing this injury was not an independent officer as to that act, but was the servant of the corporation while in the legitimate exercise of his duty under the ordinance. *Prather* v. *Lexington,* 13 B. Mon. 559, (56 Am. Dec. 585.)

A city is liable for the negligence of its agent in the performance of a public duty, if they are specially employed for that particular work, and are not acting as public officers. *Mulcairns* v. *City of Janesville,* 67 Wis. 24.

It is within the corporate power of a municipal corporation to abate a nuisance, and the law is well settled that a municipal corporation is liable for special damages inflicted upon private property, or the person, by reason of negligence or want of skill of persons employed by it to perform such duties and labors as are properly within its corporate power. *Wallace* v. *Muscatine,* 4 Greene, 373; *Ross* v. *Madison,* 1 Ind. 281; *Coles* v. *Davenport,* 9 Iowa, 227; *Templin* v. *Iowa City,* 14 id. 59; *Mayor* v. *Bailey,* 2 Denio, 433; *Lloyd* v. *Mayor,* 5 N. Y. 369; *Memphis* v. *Lasser,* 9 Humph. 757.

16—130 ILL.

Mr. Walter Reeves, and Mr. William H. Boys, for the defendant in error:

A municipal corporation is not liable for the negligent manner in which its officers may execute a public ordinance which amounts to a public regulation. Dillon on Mun. Corp. (3d ed.) secs. 974-979; *Butterick* v. *Lowell*, 1 Allen, 172; *Hafford* v. *New Bedford*, 16 Gray, 279; *Colwell* v. *City of Boone*, 51 Iowa, 678; *Ogg* v. *Lansing*, 35 id. 495; *Prather* v. *Lexington*, 13 B. Mon. 559; *Elliott* v. *Philadelphia*, 75 Pa. St. 347; *Wilcox* v. *Chicago*, 107 Ill. 334.

Cities are not liable for the negligent acts of the members of their police force. *McElroy* v. *Albany*, 65 Ga. 337; *Elliott* v. *Philadelphia*, 7 Phil. 128; *Pollock* v. *Louisville*, 13 Bush, 226; *Hennan* v. *Lynchburg*, 33 Gratt. 37; *Fisher* v. *Boston*, 104 Mass. 87; *Field* v. *Des Moines*, 39 Iowa, 575; *Heller* v. *Mayor*, 53 Mo. 159; *Howard* v. *San Francisco*, 51 Cal. 52.

Mr. Justice Bailey delivered the opinion of the Court:

We are of the opinion that the several counts of the amended declaration, though differing somewhat in the character of their averments, all call for the application of the same principles. The fourth count, which is fullest in its allegations, shows that the injury complained of was caused by the negligent act of a party employed by the city of Streator to enforce a municipal ordinance forbidding the running at large of dogs in said city without being muzzled, and providing that all dogs running at large contrary to said ordinance should be destroyed. This was clearly an ordinance passed by the city in the exercise of its police powers, and the injury was caused by the party employed to enforce such police regulations.

The third count alleges that the injury was caused by the negligent and careless acts of the servants of the city while destroying dogs running at large contrary to a city ordinance; and the first and second counts allege, in substance, that the

injury was caused by the negligent and careless acts of servants hired and employed by the city to shoot and kill dogs at large in the city, and which had not been by it duly licensed. The matter of regulating and restraining the running at large of dogs by a municipal corporation manifestly pertains to the police power. That power may be defined, in general terms, as comprehending the making and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public, and all persons officially charged with the execution and enforcement of such police ordinances and regulations are, *quoad hoc*, police officers.

The pleader, in drafting the declaration, seems to have endeavored to obviate the conclusions to be drawn from the character of the duties which the officer in question was performing at the time the plaintiff was injured, by designating and describing him as a servant or employe of the city, and alleging that he was hired and employed by the city to perform said duties. Merely denominating him a servant or employe does not make him such in a sense calling for an application of the maxim, *respondeat superior*. Whether he was a servant or employe in that sense depends mainly upon whether he was employed to perform acts which the corporation could do in its private or corporate character, or acts which the corporation was empowered to do in its public capacity as a governing agency, and in discharge of duties imposed for the public or general welfare. Acts performed in the exercise of the police power plainly belong to the latter class.

Police officers appointed by the city are not its agents or servants so as to render it responsible for their unlawful or negligent acts in the discharge of their duties. Accordingly it has been held that a city is not liable for an assault and battery committed by its police officers, though done in an attempt to enforce an ordinance of the city: *Buttrick* v. *City of Lowell*, 1 Allen, 172; nor for illegal and oppressive acts

of officers committed in the administration of an ordinance : *Board of Trustees* v. *Schroeder*, 58 Ill. 353 ; nor for an arrest made by them which is illegal for want of a warrant : *Pollack's Administrators* v. *City of Louisville*, 13 Bush, 221 ; *Cook* v. *City of Macon*, 54 Ga. 468 ; *Harris* v. *City of Atlanta*, 62 id. 290 ; nor for their unlawful acts of violence, whereby, in the exercise of their duty in suppressing an unlawful assemblage, an injury is done to the property of an individual : *Stewart* v. *New Orleans*, 9 La. Ann. 461 ; *Dargan* v. *City of Mobile*, 31 Ala. 469.

Upon the same principle, it has been held that a city having power to establish a fire department, to appoint and remove its officers, and to make regulations in respect to their government and the management of fires, is not liable for the negligence of the firemen appointed and paid by it, who, when engaged in the line of their duty, upon an alarm of fire, run over the plaintiff, on their way to the fire : *Hafford* v. *New Bedford*, 16 Gray, 297 ; *Wilcox* v. *City of Chicago*, 107 Ill. 334 ; nor for injury to the plaintiff caused by the bursting of a hose of one of the engines of the city, through the negligence of a member of the fire department : *Fisher* v. *City of Boston*, 104 Mass. 87 ; nor for negligence whereby sparks from the fire-engine of the city caused the plaintiff's property to be burned : *Hays* v. *City of Oshkosh*, 33 Wis. 314. In like manner it is held that where a city, under authority of law, establishes a hospital, it is not liable to persons injured by the misconduct of its agents and employes therein : *City of Richmond* v. *Long's Administrators*, 17 Gratt. 375. See also 2 Dillon on Municipal Corporations, secs. 973-975, and authorities cited in notes.

The ground upon which the foregoing cases, and many others of like nature, are admitted as exceptions to the general rule of corporate liability, is, that in those matters the city acts only as the agent of the State, in the discharge of duties imposed by law for the promotion and preservation of the public and general welfare, as contradistinguished from mere corporate acts, having relation to the management of its corporate

or private concerns, and from which it derives some special or immediate advantage or emolument in its corporate or private character.

The police regulations of a city are not made or enforced in the interest of the city in its corporate capacity, but in the interest of the public. A city, therefore, is not liable for the acts of its officers in attempting to enforce such regulations. *Caldwell* v. *Boone,* 51 Iowa, 687; *Prather* v. *Lexington,* 13 B. Mon. 559; *Elliott* v. *Philadelphia,* 75 Pa. St. 347; *Board of Trustees* v. *Schroeder, supra.*

The injuries complained of in the declaration having been caused by the negligence of an officer or employe of the city while attempting to enforce a police regulation, the maxim *respondeat superior* does not apply, and the demurrer to the declaration therefore was properly sustained. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*