## Edward C. Craig v. The City of Charleston.

1. CITIES AND VILLAGES—*Not Liable for the Torts of Officers.*—A city in the performance of its police regulations can not commit a wrong through its officers, in such way as to render it liable for a tort.

2. SAME—*Liability for the Acts of Officers in Excess of Legal Powers of the Municipality.*—A municipal corporation, while simply exercising its police powers. is not liable for the acts of its officers in violation of the laws of the State and in excess of the legal powers of the city.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Coles County; the Hon. HENRY VAN SELLAR, Judge, presiding. Judgment for defendant on demurrer to declaration. Appeal by plaintiff. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

JAMES W. CRAIG, attorney for appellant.

J. P. HARRAH and NEAL & WILEY, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from an order of the Circuit Court sustaining a general demurrer to appellant's declaration, and entering judgment against him for costs.

The sufficiency of the declaration is the only question for our consideration. Stripped of their surplusage the material averments of fact are, that the city of Charleston, on an occasion when a large crowd of people had congregated in the city, appointed one John Apgar as an officer, to prevent the obstruction of the streets by vehicles or otherwise, and placed him in control of one of the streets; that Apgar was a dangerous and violent man and possessed an ungovernable temper and vicious disposition, which facts were known, or by the exercise of reasonable diligence could have been known to the appointing officer; that Apgar while in charge of the street and under pretense of discharging his duty, made a brutal and unjustifiable assault upon the plaintiff with a stick, whereby the plaintiff lost one of his eyes and was otherwise injured.

The duties devolving upon Apgar by virtue of his appointment were police duties. He was what is sometimes aptly termed a "special policeman," authorized to perform certain specific acts. It is a familiar rule of law, supported by a long line of well considered cases, that a city in the performance of its police regulations can not commit a wrong through its officers, in such way as to render it liable for tort.

It is contended, however, that appellant does not base his right of recovery against the city upon the wrongful act

of Apgar merely, but upon the wrongful act of the mayor in appointing such a man as Apgar, when he knew, or should have known, of his dangerous and vicious character.

The same principle which absolves the city from liability for Apgar's tortious act, applies to the act of the mayor. The mayor was simply exercising a discretion vested in him by virtue of his office and the laws of the State. If the appointment was a wrongful act which resulted in injury to the appellant the burdens of liability can not be cast upon the inhabitants and taxpayers of the city.

A municipal corporation, while simply exercising its police powers, is not liable for the acts of its officers in the violation of the laws of the State and in excess of the legal powers of the city. Dillon on Municipal Corporations, Secs. 950, 968; Town of Odell v. Schroeder, 58 Ill. 353; Chicago v. Turner, 80 Ill. 422; Wilcox v. Chicago, 107 Ill. 334; Blake v. City of Pontiac, 49 Ill. App. 543.

Appellant further contends that the placing of Apgar in the street and in control of it, was the creation of a nuisance, upon which ground it is liable. In fact, his chief contention is that he became thereby an obstruction in the street; and cites a long list of authorities in support of the proposition that it is the duty of a city to keep its streets free from obstructions, and a failure in that regard will render it liable for injuries caused thereby. We can not regard a human being, in the exercise of police powers, as an obstruction, in the sense contemplated by the unquestioned doctrine announced by those cases.

We think the court properly sustained the demurrer to the declaration. Judgment affirmed.