CAROLINE TOLLEFSON, Admx.

*v.*

THE CITY OF OTTAWA.

*Opinion filed June 19, 1907.*

1. MUNICIPAL CORPORATIONS—*city has power to maintain a hospital.* A city has power, under clauses 77 and 78 of section 1 of article 5 of the City and Village act, to maintain a hospital, either as a charity or in the exercise of its police power, as a means to promote the general health and welfare, and in neither case is it liable, under the doctrine of *respondeat superior,* for the negligent acts of the employees connected with the hospital.

2. SAME—*city has no power to maintain a hospital for revenue.* A city does not possess power to maintain a hospital for revenue in its private or proprietary capacity and cannot be made liable for the negligence of persons employed about the hospital, even though the municipal authorities are unlawfully conducting the hospital for revenue. (*Chicago v. Selz, Schwab & Co.* 202 Ill. 545, distinguished.)

3. SAME—*city not liable for negligence of servants in enforcing police regulations.* A city is not liable for the negligent acts of its agents or servants engaged in executing, enforcing or giving effect to its police ordinances and regulations.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. R. M. SKINNER, Judge, presiding.

This was an action on the case commenced in the circuit court of LaSalle county by the plaintiff in error, against the defendant in error, to recover damages occasioned by the death of Verna Tollefson.

The declaration filed by plaintiff in error, as administratrix of the estate of Verna Tollefson, deceased, consisted of three counts, each count alleging, in substance, that defendant in error possessed, managed and controlled a certain hospital in the city of Ottawa; that deceased, while sick, was received by said defendant into said hospital as a

patient, to be nursed, lodged, boarded and taken care of for hire and reward. The third count further alleges that said hospital was maintained by defendant for revenue and profit to the city, and each count avers that because of negligent conduct on the part of defendant and its servants in caring for deceased during her sickness, which negligent conduct resulted in the aggravation of her malady and later in her death, damages have resulted to her next of kin.

A general demurrer was interposed to each count, which was sustained. Plaintiff stood by her declaration and judgment was entered for defendant, which has been affirmed by the Appellate Court for the Second District. A writ of error is prosecuted from this court, and it is argued that the circuit court erred in sustaining the demurrer.

I. I. HANNA, and HUTTMANN, BUTTERS & CARR, for plaintiff in error.

H. L. RICHOLSON, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The power of a city to establish and maintain a hospital is given by paragraph 77 of section 1, article 5, chapter 24, Hurd's Revised Statutes of 1905. In order to determine the true intent and meaning of that paragraph it is necessary to read with it the preceding and following paragraph, which pertain to the same general subject matter, the three paragraphs being in words following:

"*Seventy-sixth*—To appoint a board of health, and prescribe its powers and duties.

"*Seventy-seventh*—To erect and establish hospitals and medical dispensaries, and control and regulate the same.

"*Seventy-eighth*—To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

It is apparent, we think, that under these paragraphs a city may conduct a hospital either as a charity or as a means

for the promotion of the general health of all its residents or the suppression of disease among all the inhabitants of the municipality, and for no other purpose. If the purpose be charitable, then the city is not liable for the negligent acts of its employees in the institution. (*Parks* v. *Northwestern University,* 218 Ill. 381.) If, on the other hand, the purpose is to provide for the general health and welfare and to provide for suppressing and preventing the spread of contagious or other diseases, the statute authorizing the city to acquire and maintain the hospital must be regarded as an exercise of the police power, which comprehends the making of and enforcement of all such laws, ordinances and regulations as pertain to the comfort, safety, health, convenience, good order and welfare of the public. (*Culver* v. *City of Streator,* 130 Ill. 238.) A city is not liable for the negligent acts of its agents or servants engaged in executing, enforcing or giving effect to its police ordinances and regulations. Dillon on Mun. Corp. (3d ed.) sec. 974, *et seq.; Culver* v. *City of Streator, supra; City of Richmond* v. *Long's Admrs.* 17 Gratt. 375.

Plaintiff in error, however, calls attention to the fact that under our law, powers and duties conferred on municipal corporations are of two kinds: First, public or governmental; and second, private or proprietary; and it is urged that maintaining a hospital by a city for revenue and profit to the city, as charged by the third count of the declaration, brings this case within the second class of powers and duties, and that the city is therefore liable for the negligence of its employees engaged in conducting the hospital. In support of this position great reliance is placed upon the case of *City of Chicago* v. *Selz, Schwab & Co.* 202 Ill. 545, where this distinction was made in an action against a city for the negligence of its servants in repairing a water pipe, where the water system was used for fire protection and also for supplying water to the inhabitants and others who desired to purchase it. In discussing the question of the

city's liability it was said (p. 550): "A city is not liable, under the doctrine of *respondeat superior,* for the unlawful or negligent acts of its officials in the exercise of the police power, and if the break had resulted from the negligence of firemen engaged in the line of their duty in extinguishing a fire the defendant would not be liable. (*Wilcox* v. *City of Chicago,* 107 Ill. 334; *Culver* v. *City of Streator,* 130 id. 238.) The injury to plaintiff did not arise from negligence in the use of the hydrant for the purpose of extinguishing fire. The business of selling water to inhabitants and street sprinkling contractors is not an exercise of the police power, and the city is not exempt from liability for negligence in maintaining such system." When we examine the statute under which the city maintained its system of water-works, we find, however, that the municipality was authorized "to tax, assess and collect from the inhabitants thereof such tax, rent or rates for the use and benefit of water used or supplied to them by such water-works" as the city authorities "shall deem just and expedient;" (Hurd's Stat. 1905, chap. 24, sec. 257;) and it is also provided that after the income received from the water-works has been applied to the discharge of the liabilities incurred on account of the water system, the surplus remaining "may be applied in such manner as the common council or board of trustees may direct." (Chap. 24, sec. 259, *supra.*) The statute plainly gave to the city the right and power to establish and maintain water-works, in its private or proprietary capacity, for the benefit and profit of the city. No such right or power is given to the municipality in reference to the erection and maintenance of a hospital, and the case last cited is in this way distinguished from the one at bar. The city did not possess the power, in its private or proprietary capacity, to engage in the business of conducting a hospital for revenue. If the municipal authorities have unlawfully entered upon a course of that character the city cannot be made liable for negligence on their part or on the part of

those employed by them in carrying out their purpose. "In the performance of its police regulations a city cannot commit a wrong through its officers in such a way as to render it liable for their torts. Where the city is simply exercising its police powers, acts of its officers or agents which are illegal and unlawful are *ultra vires,* and a citizen has no remedy against the corporation for damages caused by such acts of its officers." *City of Chicago* v. *Williams,* 182 Ill. 135.

No case involving this precise point seems to have been considered by us prior to this time. In *City of Richmond* v. *Long's Admrs. supra,* however, the court of last resort of the State of Virginia held "that where a city, under authority of law, establishes a hospital, it is not liable to persons injured by the misconduct of its agents and employees therein." That case was, on that point, referred to with approval by this court in *Culver* v. *City of Streator, supra.*

We conclude that the judgment of the Appellate Court is correct, and it will be affirmed.        *Judgment affirmed.*