(No. 2496— .

JOHN H. PARKS AND BERTHA PARKS, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

EVAN L. SEARCY, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On August 28, 1934 claimants filed their complaint herein seeking to recover from the respondent the sum of Ten Thousand Dollars ($10,000.00) as damages for the death of their son, John Parks. The complaint alleges in substance that said John Parks, on April 4, 1926, being then nineteen

(19) years of age, was found guilty of murder and sentenced to imprisonment for the term of twenty (20) years. He was confined in the Southern Illinois Penitentiary at Menard, and on August 14, 1932, while a prisoner at such penitentiary, was stabbed by another prisoner by the name of Garrett, and sustained injuries from which he died the same day. Claimants base their right to recover upon the averments of the complaint to the effect that the respondent "was grossly negligent in allowing the said Garrett to be at large with the other prisoners"; and was also "grossly negligent in the care and treatment of Parks after he was stabbed by Garrett."

The Attorney General has moved to dismiss the claim on the following grounds:

"1. There is no liability on the part of the State under the facts set up in the complaint.

"2. The claim is barred by the Statute of Limitations, complaint not having been filed within one year after the death of decedent."

In the conduct of its penal institutions, the State acts in a governmental capacity, and it is the well-established law of this and other States that the State, in the exercise of its governmental functions, is not liable for the negligence of its servants and agents. *Hollenbeck, Admx.* vs. *Winnebago County,* 95 Ill. 148; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Tollefson* vs. *City of Ottawa,* 228 Ill. 134; *Kinnare* vs. *City of Chicago,* 171 Ill. 332; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; 25 R. C. L. p. 407, sec. 43; 13 R. C. L. p. 944, sec. 8; 8 R. C. L. Supp. p. 5580, sec. 43.

There being no liability on the part of the respondent, it is unnecessary to consider the second point urged by the Attorney General.

Claimants suggest that even though the court finds that there is no legal liability on the part of the Sate, yet an award should be made "in the interest of equity and social justice."

We are aware of the fact that previous courts have allowed awards on the grounds of what was termed equity and social justice or equity and good conscience in certain cases which appealed to the sympathies of the Court. The jurisdiction of this court to allow an award in any case solely on the grounds of equity and good conscience, or equity and

social justice, was exhaustively considered in the case of *Crabtree* vs. *State*, 7 C. C. R. 207. In that case, after a full consideration of previous authorities on the question, we reached the following conclusion:

"That the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award."

The decision in the Crabtree case has been followed in numerous cases since that time, and we are not disposed to depart from such holdings. There being no liability on the part of the State in this case, we have no authority to allow an award, and the claim must be dismissed. Claim dismissed.