(No. 2436—

ANNA JOHNSTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1935.*
*Opinion on amended complaint filed February 10, 1937.*

F. P. CONLON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant filed her complaint herein on July 17th, 1934, and alleges therein in substance that on the 7th day of November, A. D. 1933 her son, Hugh Johnston, was a patient at the Illinois Charitable Eye and Ear Infirmary, a charitable corporation created and operated by the State of Illinois and located at 904 West Adams Street, Chicago; that the original building of such institution is located on Adams Street, and a new addition thereto, on Sangamon Street; that on the last mentioned date, claimant visited her son at said institution; that at the termination of said visit, she was instructed by an employee and agent of the institution to leave the building by way of the Sangamon Street doorway of the new addition; that claimant had never previously been in said building and was not familiar with the character of the inside structure thereof; that pursuant to the instructions given her by such servant and agent as aforesaid, and about eight-thirty P. M. of said day, claimant proceeded from the Adams Street building to the Sangamon Street building by way of an adjoining corridor connecting the second floors of each building; that she took the elevator from the second to the main floor; that from this point she proceeded down the corridor to the Sangamon Street exit which was customarily used by visitors on leaving the building, proceeding out into the vestibule leading to the doorway; that she was at all times in the exercise of all due care and caution; that there was no light burning in such vestibule or reflected therein; that on account of the absence of any light in such vestibule, claimant failed to notice two stairs which led to the doorway; that such steps were slippery and not covered with any substance used for the purpose of insuring a firm foothold on the tread of the steps; that if there was any railing along the side wall of such vestibule, it could not be seen on account of the absence of light; that because of the absence of light, she failed to notice the steps, and because of their slippery texture she slipped and fell to the bottom of the steps and

thereby sustained serious and permanent injuries for which she seeks to recover herein.

The Attorney General has filed a motion to dismiss for the reason that there is no legal liability on the part of the State under the facts set forth in the complaint.

In the maintenance of its charitable institutions, the State exercises a governmental function. It is the well-established law of this State and other States that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents in the absence of a statute making it so liable. *Hollenbeck, admx.* vs. *Winnebago County,* 95 Ill. 148; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Tollefson* vs. *City of Ottawa,* 228 Ill. 134; *Kinnare* vs. *City of Chicago,* 171 Ill. 332; *City of Chicago* vs. *Williams,* 182 Ill. 135; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234; 25 R. C. L. p. 407, sec. 43; R. C. L. p. 944, sec. 8; 8 R. C. L. Supp. p. 5580, sec. 43.

An action against a State agency or instrumentality is an action against the State, and when such agency or instrumentality is engaged in a governmental function, the State is not liable for its torts in the absence of a statute making it liable. 59 C. J. p. 196, sec. 340; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549.

A similar question was presented in the case of Jeanette VanDerLaan, No. 2324, decided at the October term, 1934, of this court, in which case the facts were very similar to the case at bar. In that case the Attorney General also made a motion to dismiss upon the same grounds as in this case, and the motion was sustained for the reasons above set forth. Numerous other decisions of this court recognize and apply the rule of law above set forth. *Sturrock* vs. *State,* 7 C. C. R. p. 157; *Pelka, Admr.* vs. *State,* 6 C. C. R. 390; *Burghardt* vs. *State,* 5 C. C. R. 221.

This court has no authority to allow an award in any case unless there would be a legal liability on the part of the State if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Morrissey* vs. *State,* No. 2233, decided at the January term, 1934, of this court.

There being no liability on the part of the State if the State were suable, the motion of the Attorney General must be sustained and the case dismissed.

Award denied. Case dismissed.

OPINION ON AMENDED COMPLAINT.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The above entitled cause was dismissed on December 11th, 1935, for the reason that under the facts set forth in the complaint, this court has no authority to allow an award.

On January 9th, 1936 claimant filed her amended complaint herein, pursuant to the provisions of Rule 31 of this court.

The amended complaint sets forth no new facts whatsoever, but sets forth that at the time of the injury to claimant there was in force in this State an Act of the General Assembly entitled "An Act to Create the Court of Claims and to prescribe its powers and duties"; that Section 4 of Paragraph 6 of said Act provides that the Court of Claims shall have power "to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth should, in equity and good conscience discharge and pay"; that under the provisions of such Act claimant is entitled to an award herein.

The same contention has been made in numerous cases heretofore heard in this court. An exhaustive review of the authorities on the question is contained in the case of *Crabtree* vs. *State,* 7 C. C. R. 207, (decided May, 1933) in which we held (p. 222) that said Paragraph 4 of Section 6 "merely defines the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same, however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award."

The decision in the Crabtree case has been followed by this court in numerous cases decided since that time. A fur-

ther discussion of this question is found in the case of *Rocco Titone, et al* vs. *State,* No. 2473, decided at the present term of this court, in which the decision in the Crabtree case is approved and followed.

The Attorney General has moved to dismiss the amended complaint, and such motion must be allowed.

Motion allowed. Case dismissed.