(No. 2160—

WILLIAM J. SHORT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1936.*

JINKINS & JINKINS, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on April 26th, 1931, claimant William J. Short was an inmate of the Quincy State Home for Soldiers and Sailors. On the last mentioned date he fell and sustained injuries to his jaw, and was taken to the hospital of such institution for attention and treatment.

Claimant alleges that the physicians, surgeons and nurses at such hospital failed, neglected and refused to give him proper care and attention, and failed and neglected to use proper skill in the treatment of his jaw, and continued in such failure, refusal and neglect for the period of one week; that thereafter he was taken to the Speedway Hospital in Chicago for treatment, and remained there for the period

of nine weeks; that he has been permanently injured and deformed as the result of the carelessness, negligence and improper conduct of the physicians, surgeons and nurses at said hospital as above set forth, and asks for damages in the amount of $10,000.00.

The Attorney General contends that there is no liability on the part of the State, under the facts set forth in the declaration.

The rule is well established that the State, in the maintenance of its charitable institutions, is engaged in a governmental function, and that the State, in the exercise of its governmental functions, is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable.

In 13 R. C. L. 944, Section 8, the rule is stated as follows:

"Strictly public institutions created, owned and controlled by the State or its subdivisions, such as State asylums for the insane, city hospitals, reformatories, etc., are not liable for the negligence of their agents. The doctrine of respondeat superior does not apply. They are held to be governmental agencies brought into being to aid in the performance of the public duty of protecting society from the individual unfortunate or incompetent in mind, body or morals, and the rules applicable to municipal corporations and public offices generally are applied."

The rule above set forth is recognized and applied in the case of *Tollefson* vs. *City of Ottawa*, 228 Ill. 134, as well as in the case of *Lilly Bell Jones* vs. *State*, 8 C. C. R. 77, and *Lillian Pelli* vs. *State*, 8 C. C. R. 324.

Even if the respondent were a private corporation, there would be no liability on the facts set forth in the complaint.

*Parks* vs. *Northwestern University*, 218 Ill. 381.
*Hogan* vs. *Chicago Lying-in Hospital*, 335 Ill. 42.
*Simon* vs. *Pelouse*, 263 Ill. App. 177.

There is no statute making the State liable under the facts in this case, and award must therefore be denied.

Award denied. Case dismissed.