(No. 2782—

HENRY F. MEYERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937*

JULIUS E. EPSTEIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on December 27, 1935 and alleges therein that on March 5th, 1935 he was committed to the Cook County jail on a charge of bastardy; that while in said jail he was put to work at different kinds of work; that on June 15th, 1935 he was assigned to the bakery detail and put to work on a bread slicing machine which was operated by man power; that at a moment when the knife had ceased to operate, claimant put his right hand into the receptacle to remove the bread that had been cut and while so doing, and while in the exercise of all due care and caution for his own safety, the slicing knife was put into operation and the claimant's third finger of his right hand was severed at the first knuckle.

Claimant contends that said slicing machine was not equipped with the necessary guards or safety appliances, and that the failure to so equip the same constituted gross negligence on the part of the respondent; also that the stump of his finger was so carelessly and negligently sutured and sewn by the attending physician that as a result thereof it is bulky and cumbersome and interferes with claimant's ability to perform his duties. By reason of which he claims damages, including loss of earnings, in the total amount of $4,150.00.

The Attorney General has moved to dismiss the case for the reason that the respondent is not liable under the facts set forth in the complaint.

This court has repeatedly held that the State in the maintenance of its charitable and penal institutions is engaged in a governmental function, and that in the exercise of such functions, it is not liable for the negligence of its servants and agents in the absence of a statute making it so liable. *Schwab* vs. *State,* 4 C. C. R. 77; *Burghardt* vs. *State,* 5 C. C. R. 221; *Pelka* vs. *State,* 6 C. C. R. 390; *Sturrock* vs. *State,* 7 C. C. R. 157; *Parks* vs. *State,* 8 C. C. R. 535; *Schaefer* vs. *State,* No. 1968, decided at the September, 1935, term of this court; *White* vs. *State,* No. 2859, decided at the May, 1936, term of this court; *Edward Shilkitis* vs. *State,* No. 2355, decided at the January, 1937, term of this court.

Such decisions of this court are in harmony with repeated decisions of our Supreme Court.

*Hollenbeck* vs. *Winnebago County,* 95 Ill. 148.
*Kinnare* vs. *City of Chicago,* 171 Ill. 332.
*City of Chicago* vs. *Williams,* 182 Ill. 135.

*Tollefsen* vs. *City of Ottawa*, 228 Ill. 134.
*Minear* vs. *State Board of Agriculture*, 259 Ill. 549.
*Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234.
See also 25 R. C. L. p. 407, sec. 43; 13 R. C. L. p.
944, sec. 8; and 8 R. C. L. Supp. p. 5580, sec. 43.

There is no statute making the State liable in cases of this kind, and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.