(No. 3249—■

RAY CAIRNS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 11, 1938.*

BAKER, NIVEN & CRABTREE, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

On December 26th, 1937 claimant was driving his Chevrolet truck in a westerly direction on S. B. I. Route No. 116 in Livingston County; said truck being loaded with thirty-two ten-gallon milk cans filled with milk.

At the same time, one Ralph Jones, an employee of the respondent at the Illinois State Penitentiary at Pontiac, Illinois, was driving a certain Buick sedan owned by the respondent, in a westerly direction on said highway, and was approaching the truck driven by the claimant.

The complaint alleges that when the car of the respondent was several hundred feet behind his truck, he signaled that he was going to turn to the left and immediately slackened the speed of such truck, and turned the same to the left; that said employee of the respondent then and there drove said Buick sedan in such a careless and negligent manner that it was caused to and did run into claimant's truck, whereby said truck was turned over and damaged, the milk spilled, five of the milk cans were damaged and rendered worthless, and claimant was deprived of the use of said truck for the period of four weeks while the same was being repaired;—for all of which he seeks an award in this proceeding.

The Attorney General has moved to dismiss the case on the ground that the State is not liable for the acts of its servants and agents under the doctrine of respondeat superior.

In the maintenance of its penal institutions, the State is acting in a governmental capacity, and it is well settled in this State that the State, in the exercise of its governmental functions, is not liable under the doctrine of respondeat superior, for the careless, negligent or wrongful acts of its servants or agents, in the absence of a statute making it so liable. *Hollenbeck, Admx.* vs. *Winnebago County*, 95 Ill. 148;

*Minear* vs. *State Board of Agriculture*, 259 Ill. 549; *Tollefson* vs. *City of Ottawa*, 228 Ill. 134; *Kinnare* vs. *City of Chicago*, 171 Ill. 332; *City of Chicago* vs. *Williams*, 182 Ill. 135; *Gebhardt* vs. *Village of LaGrange Park*, 354 Ill. 234; 25 R. C. L. p. 407, sec. 43; 13 R. C. L. p. 944, sec. 8; 8 R. C. L. Supp. p. 5580, sec. 43; see also *Parks* vs. *State*, 8 C. C. R. 535; *Myers* vs. *State*, 9 C. C. R. 470, and cases there cited.

The liability, if any, rests upon the negligent employee, and not upon the State.

Under the facts set forth in the complaint, we have no authority to allow an award, and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.