City of Champaign, a Municipal Corporation, Plaintiff-Appellant, v. City of Champaign Township, a Municipal Corporation, Defendant-Appellee.

Gen. No. 10,163.

Third District.

May 21, 1958.

Released for publication June 7, 1958.

John L. Franklin, and Philip C. Zimmerly, of Champaign, for plaintiff.

John J. Bresee, and James L. Capel, of Champaign, for defendant.

PRESIDING JUSTICE CARROLL delivered the opinion of the court.

This action is brought by the city of Champaign against the town of the city of Champaign to recover for certain hospital services furnished to a medically indigent person.

In substance, the complaint alleges that plaintiff, pursuant to authority granted by Section 44—6, Chapter 24, Illinois Revised Statutes, 1955, owns and operates a hospital known as Burnham City Hospital; that defendant is liable for hospital services necessarily rendered to persons who are medically indigent, as set forth in the Charities Act, Chapter 23, Section 439—3 of the Illinois Revised Statutes; that on December 11, 1956, Robert Clay was a resident of the City of Champaign Township; that being in need of emergency hospitalization as the result of an injury, he was on said date brought to Burnham City Hospital where he remained as a patient until June 22, 1957; that at the time of his admission he did not have sufficient money, property or other resources to meet the cost of the hospital services rendered to him; that at said time he was not eligible for nor was he receiving general assistance under the Charities Act; that the supervisor of the defendant township was notified of the admission of Clay to the hospital; that said supervisor investigated the status of Clay and paid certain doctor's bills and a charge for ambulance service which was incurred in connection with Clay's injury; that the amount charged for the hospital services ren-

450

dered to Clay was $4,019.80; and that payment of said charges has been demanded of Clay and the defendant.

Defendant filed a motion to strike the complaint and dismiss the action. Subsequently, plaintiff filed its motion for summary judgment. Plaintiff's motion for summary judgment was overruled and the motion of defendant was sustained. Plaintiff elected to stand on its complaint, the court entered judgment for defendant in bar of the action and this appeal followed.

If we correctly understand the theory advanced by plaintiff, it is that the judgment of the trial court in effect transfers to a city a portion of the township's burden of furnishing proper relief and for such reason should be reversed.

The authority under which plaintiff operates a hospital is granted by Art. 44, Chap. 24, Illinois Revised Statutes, 1955. The use which may be made of such hospital and directions as to its operation are contained in Sec. 6 of the above Article which reads as follows:

"Use of Hospital. Every hospital established or purchased under this article shall be maintained for the benefit of the inhabitants of the city in which it is established who are sick, injured, or maimed. But every inhabitant of that city who is not a pauper shall pay to the hospital board, or to such officer as it shall designate, reasonable compensation for occupancy, nursing, care, medicines, or attendance, according to the rules and regulations prescribed by the board. The hospital shall always be subject to such reasonable rules and regulations as the hospital board may adopt in order to render the use of the hospital of the greatest benefit to the greatest number. The board may exclude from the use of the hospital all inhabitants and persons who wilfully violate those rules and regulations. The board may extend the privileges and use of the hospital to persons residing outside of the city but within this State, upon such

451

terms and conditions as the board may prescribe by its rules and regulations.

"For the purposes of this section, a 'pauper' means any indigent person who has been a bona fide resident of the city for at least twelve months prior to the time of becoming a patient for treatment in the hospital."

The pleadings establish that Robert Clay was a resident of the town of the city of Champaign when he was admitted to the hospital; that he had been a bona fide resident of said town for more than twelve months prior to his becoming a patient in the hospital; that since the boundaries of said town are co-extensive with those of the city of Champaign he was likewise a resident of the city of Champaign; and that he was not then receiving nor was he eligible for general assistance from the defendant; and that he was an indigent person.

It follows therefore that under the provisions of the Hospital Statute he was an injured inhabitant of the city of Champaign and one of the persons for whose benefit the hospital is maintained and that he was a "pauper" as defined in said Statute.

The Statute plainly states that an inhabitant of a city maintaining a hospital and who is not a pauper shall pay reasonable compensation for services rendered him by said hospital. Since it is an admitted fact that Clay was a pauper inhabitant of the city at the time of his admission to the hospital he could not be required to pay for the services furnished him. In other words, plaintiff's authority to charge for services rendered by its hospital extends only to cases where the patient is not a pauper. Clay did not fall within such non-pauper class and therefore plaintiff could not charge him for its services.

The complaint herein indicates that plaintiff is proceeding without regard to the fact that the Stat-

ute exempts Clay from payment for the services in question. This is evidenced by plaintiff's allegations that charges for such services have been made and that payment thereof has been demanded of both Clay and the defendant. The only basis for such an allegation would be the assumption that in maintaining a hospital, a city is authorized to charge all persons who avail themselves of its services. No such assumption is warranted. Plaintiff has elected to operate a city hospital pursuant to the authority granted by Article 44 of the Cities and Villages Act. In so doing it is engaged in the discharge of a public duty enjoined upon it by statute. A city has no inherent power to engage in the business of operating a hospital for pecuniary profit. The Statute makes it definite that such a hospital "shall be maintained for the benefit of the inhabitants of the city in which it is established who are sick, injured or maimed." Such declaration as to the purpose served by a city hospital negatives any implication that it may be operated in a private or proprietary capacity. A city operates a hospital for the benefit of the residents thereof either as a charity or in the promotion of the public health and for no other purpose. Tollefson v. City of Ottawa, 228 Ill. 134.

Clay being an inhabitant of the city was entitled to the benefit of the operation of the hospital. Acceptance of the benefit of the services which he received imposed no obligation upon him to pay for the same. This is so because the Statute which authorized the maintaining of Burnham City Hospital makes it the duty of plaintiff to furnish free hospital services to all pauper inhabitants of the city of Champaign who are eligible for the same. This duty is entirely consistent with the general purposes served by a city hospital and if such duty were not imposed, the medically indigent would be deprived of any benefits from the operation of

453

such an institution. The fact that furnishing free hospitalization to the indigent may amount to a form of public assistance in no way qualifies such duty. If plaintiff's contention that it can charge the defendant for the services furnished Clay is to be sustained, it can be done only by ignoring the express provisions of the Statute.

Plaintiff's argument rests upon the proposition that the Public Assistance Code casts upon a township the obligation of providing care for the medically indigent and therefore defendant is liable for the charges made by the hospital. Obviously, such proposition is not applicable to the facts disclosed by this record. The Code authorizes recovery of expenses incurred in furnishing assistance to the medically indigent under the conditions therein specified. (Sec. 414, Chap. 23, Illinois Revised Statutes, 1955.) As we have herein previously pointed out, no expenses were incurred in furnishing assistance to Clay which could be the subject of a charge against the defendant or any other governmental unit for the simple reason that the Statute required the plaintiff to furnish the assistance in question free of charge. County of Perry v. City of Du Quoin, 99 Ill. 479 relied upon by plaintiff lends no support to plaintiff's contention. In that case the court held that there was no obligation upon the city to support its indigent residents and that the plaintiff city could recover for expenses incurred in furnishing food and medicines to certain poor persons. The feature distinguishing the Du Quoin case from that at bar is that the city of Du Quoin did not maintain a hospital under a statute requiring it to furnish free services to the medically indigent. There the question raised was whether the city or county was liable for expenses incurred in furnishing poor relief. Here there is no such issue involved. Plaintiff seeks to recover not for expenses incurred in furnishing assist-

ance to a pauper but for the value of hospital services which the law requires it to furnish without charge.

Plaintiff's contention that the effect of the Hospital Act is only to relieve paupers from personal liability and to relieve the hospital board from any duty to attempt collection from them is untenable. If such theory were to prevail, then the requirements of the Statute that a hospital created pursuant thereto shall be maintained for the benefit of the inhabitants of the city would be nullified. The Statute gives a city no power to establish and operate a hospital for its benefit and profit. It can only do so in the interests of the public health.

For the reasons indicated, the judgment of the Trial Court is affirmed.

Affirmed.

REYNOLDS and ROETH, JJ., concur.