## Chicago & Alton Railway Company, et al., v. Lora M. Jennings.

1. VERDICT—*when not duty of Appellate Court to disturb.* It is not the duty of the Appellate Court to set aside a verdict and judgment for the reason merely that the evidence seems to be equally balanced, or because it is doubtful whether the preponderance of the evidence is with the party upon whom the *onus probandi* rests, where no material errors of law have intervened and there is nothing tending to show that passion, partiality or prejudice influenced such verdict.

2. IMPEACHMENT—*what essential to.* A witness cannot be impeached by showing that he made declarations out of court inconsistent with his testimony, where such witness was not, upon his cross-examination, asked with respect to such alleged inconsistent statements and his attention called to the time, place and person to whom such statements were alleged to have been made.

3. ERROR—*when party estopped to urge.* A party cannot complain of an alleged error of the court which is predicated upon a course of procedure adopted by the opposing counsel, where the complaining party pursued a like course.

Action on the case for personal injuries. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

KERRICK & BRACKEN, for appellants; F. S. WINSTON, of counsel.

WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by appellee against appellants, to recover damages for personal injuries alleged to have been received while she was a passenger upon appellants' railroad. Upon a former trial appellee recovered a judgment for $4,000, which, upon appeal to this court, was reversed and remanded because of error in the rulings of the trial court upon the evidence and instructions. A second trial resulted in a verdict and judgment for $2,500, from which the defendant appeals. The former opinion of this

court (114 Ill. App.622) substantially and sufficiently details the pleadings and principal facts in controversy. The grounds relied upon for reversal are that appellee was not injured as the result of the collision; that if she was injured, she knowingly and for a valuable consideration executed a valid and binding release of any and all damages resulting therefrom; and that the court erred in its ruling upon questions relating to the admissibility of evidence and in its instructions to the jury.

It is strenuously insisted and argued that the verdict is contrary to the greater weight of the evidence. The record is so voluminous that to rehearse and discuss the evidence at any length would be to extend this opinion beyond the limits contemplated by the statute, which provides that opinions shall briefly state the reasons for the same. We shall, therefore, refrain from so doing. We have, nevertheless, carefully read, considered and weighed the evidence.

As to whether or not the execution by appellee of the release in question was procured by fraud and covin practiced by the claim agent of appellants, and as to what extent, if any, appellee was injured as the result of the collision, the evidence is exceedingly conflicting, and if it were the province of this court to determine the question from the printed record alone, regardless of the findings of the jury, we should hesitate to hold that the appellee had established her case by the greater weight of the evidence. While under the law as it exists in this State, the Appellate Courts are not bound by the judgments of trial courts and the verdict of juries, and it is their right and duty to reverse the same where, upon consideration of the testimony, it is found that they are clearly against the weight of the evidence (C. C. Ry. Co. v. Mead, 206 Ill. 174), we do not understand it to be the duty of such courts, where no material errors of law have intervened and there is nothing tending to show that passion, partiality or prejudice influenced the same, to reverse a verdict and judgment for the reason merely that the evidence seems to be equally balanced, or because it is doubtful whether the preponderance of the evidence is with the

party upon whom the *onus probandi* rests. It is only where the verdict is clearly or manifestly against the weight of the evidence, that the verdict of a jury, whose duty it is to determine the facts in controversy, should be disturbed. The cold type of the record is impersonal. By its pages the personality of the witnesses is in no way shown. The appearance and demeanor of a particular witness, whether his or her testimony was given in a direct, unhesitating, candid manner, or otherwise, are matters regarding which a court of review is necessarily uninformed. In this respect, one witness appears as well in the record as another. This is not so when a witness is seen upon the stand. His appearance and manner there may be such as to modify his credibility to a greater or less degree. For this, among other reasons, juries are wisely made the judges of the facts and of the credibility of witnesses and the weight to be given to their testimony; subject, however, to the supervisory powers of the trial judges and the Appellate Court, which can be exercised to the limited extent referred to, only.

Appellee's testimony is corroborated by numerous other witnesses, and there seems from the record to be at least an equal amount of equally credible testimony to the contrary. As to which of the respective witnesses testified falsely, or were mistaken in their testimony, we are unable satisfactorily to determine from the record. The jury determined, as indicated by their verdict, that appellee and her witnesses were the more credible and the trial judge has approved their finding. We would, therefore, be unwarranted in holding that the verdict is so clearly and manifestly against the evidence as to require a reversal of the judgment.

Appellants urge that the court erred in not permitting certain witnesses, who were called for the purpose of impeaching Dr. Langstaff, by showing that he made declarations out of court inconsistent with his testimony, to testify, for the reason that the question put to Langstaff did not call his attention to the time, place and person to whom

such statements were alleged to have been made. It is insisted that because the witness was permitted to reply, without objection, to the original question, that a sufficient foundation had been laid to contradict him, no matter when or where such statement was made. We think the court ruled correctly, notwithstanding no objection was made to the original question. The rule that such foundation must be laid is for the protection of the witness as well as the adverse party. "It is but fair to a witness that his attention should be distinctly called to the particular statement he is alleged to have made with the particulars of the time, place and circumstances, that he may have an opportunity of correcting any mistake he may have made before he is impeached. The law will not permit a person to be proved to have committed perjury and leave his character blackened and destroyed, until it appears the statement was deliberately and intentionally made. Such consequence should not follow a want of recollection, misapprehension or even inattention." Winslow v. Newlan, 45 Ill. 146.

The court, over the objection of appellants' counsel, permitted several of appellee's witnesses to state what was said to them by the claim agent and the men who accompanied him when the release was presented to such witnesses and the money paid to them. This was error but not of such serious character as to require a reversal of the judgment. Each of said witnesses had testified in corroboration of appellee's statement as to what was said by the claim agent in the presence and hearing of all the passengers, and we are satisfied that the improper testimony referred to did not affect the verdict.

It is also urged that the trial court erred in permitting appellee's witnesses to state what her condition was at the time of the trial as compared with what it was before or soon after the accident. Appellants asked questions of a similar character and cannot now be heard to complain. Other rulings of the court upon the evidence are assigned as error but not argued and therefore waived. No complaint is made in argument as to the instructions.

We find no reversible error in the record, and as the verdict is not clearly and manifestly contrary to the evidence, we feel impelled to affirm the judgment.

*Affirmed.*