B. F. Johnson, Defendant in Error, v. The City of Chicago, Plaintiff in Error.

## Gen. No. 16,310.

1. MUNICIPAL CORPORATIONS—*when liable for negligence of driver of public library automobile.* Where a city in pursuance of authority conferred by law erects and maintains a public library which owns and uses an automobile in the distribution of books, the city is liable where, through the negligence of the driver, the automobile collides with another.

2. MUNICIPAL CORPORATIONS—*duty in maintaining public library.* A city erecting a public library in pursuance of legal authority is required to exercise reasonable care in the management and maintenance thereof, and it is liable for the negligent performance of such duty, which is ministerial and not discretionary.

3. MUNICIPAL CORPORATIONS—*liability at common law for negligence.* A private action does not lie at common law against a

municipal corporation for the negligent performance of any public duty which is imposed on it by general statute without its request, unless it receives or is entitled to receive some privilege or profit in consideration of the duty.

Error to the Municipal Court of Chicago; the HON. McKENZIE CLELAND, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 18, 1912.

EDWARD J. BRUNDAGE and FRANK L. CHILDS, for plaintiff in error.

CHATTY BROS., JARVIS & HUDSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The Chicago Public Library owned and used in the distribution of books an automobile. Through the negligence of the driver the automobile collided with the automobile of the plaintiff on a public street of Chicago, causing $109.65 damages to plaintiff's machine, and for this sum plaintiff had judgment.

The only question presented by the record is, whether the defendant, the City of Chicago, is liable for the damages caused by the negligence of the driver of the library automobile. The Act of 1872 gives to the city council of every incorporated city, "power to establish and maintain a public library and reading room" and to levy a tax therefor. The statute does not impose on a city council the duty to establish a library, but only confers the power to establish and maintain a library for the free use of the public.

The ground of exemption from liability contended for by plaintiff in error is not that the establishing of a library is an exercise of the police power, nor that the duty or service is compulsory, but that a city, in performing it, under the authority given by the Act, is acting for the state or public in a matter in which it has no private or corporate interest and out of which it can derive no gain or profit; and that

therefore, inasmuch as it can only act through its officers or servants, it is entitled to have them, while engaged in the performance of the duty or service, regarded as the officers and servants of the public and to be exempt from any private responsibility for them.

A private action does not lie at common law against a municipal corporation for the negligent performance of any public duty which is imposed on it by general statute without its request unless the corporation receives or is entitled to receive some privilege or profit in consideration of the duty. Whether such action will lie when the duty is not imposed, but is voluntarily assumed under the general law of the state, is a question on which the authorities are conflicting. In Wixon v. Newport, 13 R. I. 454, it was held that there is no liability where the duty is voluntarily assumed any more than where it is peremptorily imposed. In Dickinson v. Boston, 188 Mass. 595, it was held that when a city under no obligation to light its streets voluntarily undertook to light a street, it is liable for negligence in the management of its corporate property when used for such purpose. The question here presented does not appear to have been expressly decided by any court of review in this state. In Kinnare v. City of Chicago, 171 Ill. 333, it was held that the doctrine of *respondeat superior* did not apply to the city in favor of the estate of a person killed through the negligence of the city while engaged in the construction of a school building, because the city was required *nolens volens* to perform a public service in which the city, as a corporation, had no interest. In City of Chicago v. Seben, 165 Ill. 371, 379, it was said: "It has always been the doctrine of this court, that, while the legal obligation of the city to construct gutters and grade and pave streets is one voluntarily assumed, yet that, when the city constructs these improvements for the benefit of the public, it then be-

comes the duty of the city to see that they are kept in repair.''

While the question is not free from difficulty, the cases in this state tend to support the doctrine that where the city, in pursuance of the authority conferred by law, erects a public library, it is required to exercise reasonable care in the maintenance and management of the library; that such duty is not discretionary but ministerial, and that the city is liable for the negligent performance of such duty. Chicago v. Seben, *supra*.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*