# Mary V. Vossler, Appellee, v. George DeSmet and City of Chicago, Appellants.

## Gen. No. 22,705.

1. MUNICIPAL CORPORATIONS, § 988*—*what is duty of city as to removal of defective flag pole on private premises near street.* Where the owner of a vacant lot in a city placed a flag pole thereon in a cement base, where it remained for eleven years, and it then fell while the plaintiff was passing in an automobile which was struck and damaged by the falling pole, *held* in an action to recover against the city for such damages, that no duty rested upon the city to remove the pole, and it was not liable to respond in damages for the injury sustained.

2. MUNICIPAL CORPORATIONS, § 938*—*what is liability of city for failure to exercise police power.* A municipality is not answerable in damages in tort for failure to exercise its police power.

3. MUNICIPAL CORPORATIONS, § 820*—*when city may enter upon private premises and remove nuisance.* A municipality may enter upon private premises and remove a nuisance therefrom or compel its removal only in the exercise of its police power.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vossler v. DeSmet et al., 204 Ill. App. 292.

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding.   Heard in this court at the October term, 1916.   Reversed and remanded.   Opinion filed March 12, 1917.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for appellant City of Chicago; HENRY T. CHACE, JR. and ROBERT H. FARRELL, of counsel.

M. F. GALLAGHER, E. B. WILKINSON and O. R. BARRETT, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal the City of Chicago alone seeks the reversal of a judgment of $112.70 rendered against it and the codefendant, George DeSmet, in an action in tort.

The evidence tends to show that on a vacant lot belonging to DeSmet at 1443 Pratt avenue, Chicago, at a point about eleven feet from the edge of the sidewalk, stood a flag pole of yellow pine, unsupported by guy wires or supports, fifty feet high, six to seven inches in diameter at the base, and four to five inches at the top; it was set in a concrete base resting in sandy soil; the pole was in plain sight of persons passing by on the street; it had been standing there over eleven years.   Some of the witnesses had noticed indications of rot in the pole a few inches above the base. There is testimony that in such a pole, so placed, sap rot in the center sets in in three to eight years. Sap rot was in this pole for a distance of twelve or fourteen inches from the bottom.

On the afternoon of April 18, 1914, the plaintiff was riding in her automobile east on Pratt avenue, and as she passed No. 1443 the flag pole fell towards the street and struck the automobile, injuring it so that repairs were necessary.   When the pole fell it broke

off, leaving the base in the ground and the stub projecting about six inches.

At the close of plaintiff's case and at the close of all the evidence, the City moved to instruct the jury to bring in a finding of not guilty, which motions were overruled.

The gravamen of plaintiff's statement of claim is that the City was negligent in permitting a pole to be upon the lot of DeSmet which might fall upon persons passing upon the street, or to put it directly, it is said that it was the duty of the City to remove the pole, and the City could be made to respond in damages to any person passing on the street who might be injured by its falling.

Is there such a duty upon the City? We recognize that in other forums it has been held that there is such a duty under somewhat similar circumstances as are presented in this case. However, we are constrained by the decided weight of opinion in cases decided in this State to hold that no such duty exists and that the City cannot be held to respond in damages to the plaintiff.

In *Arms v. City of Knoxville,* 32 Ill. App. 604, the court had under consideration the question whether it was actionable negligence for the municipality to permit the firing of a cannon in its streets which had resulted in death to a person lawfully upon the street. In its opinion the court quoted with approval from *Oliver v. City of Worcester,* 102 Mass. 489, as follows:

"The distinction is well established between the responsibilities of towns and cities for acts done in their public capacity, in the discharge of duties imposed upon them by the legislature for the public benefit, and for acts done in what may be called their *private character,* as the management of property or rights voluntarily held by them for their own immediate profit or advantage as a corporation, although

inuring, of course, ultimately to the benefit of the public.''

The Appellate Court, after citing a considerable number of cases, holds that no private action will lie against a municipality for an accident following or resulting from its failure to discharge the duties imposed upon it for the public benefit, saying: ''For failure to exercise governmental power cities are not liable.''

A case where the facts are very similar to those before us is *Hanrahan v. City of Chicago,* 145 Ill. App. 38, where it was sought to hold the city liable for permitting a heavy wooden awning to extend out from a private building over and above a public sidewalk on a street in Chicago. The court held that there was no liability on the City, citing in its opinion a large number of cases. The distinction stated in the *Arms* case, *supra,* is restated by Mr. Justice Smith in the *Hanrahan* case.

In *Culver v. City of Streator,* 130 Ill. 238, our Supreme Court recognized this distinction, saying, in substance, that the question was whether the act complained of was that which the corporation could do in its private or corporate character, or whether it was an act which the corporation was empowered to do in its public capacity as a governing agency and in the discharge of duties imposed for the public or general welfare. In the opinion the court says, with reference to abolishing nuisances: ''That in those matters the city acts only as the agent of the State, in the discharge of duties imposed by law for the promotion and preservation of the public and general welfare, as contradistinguished from mere corporate acts, having relation to the management of its corporate or private concerns, and from which it derives some special or immediate advantage or emolument in its corporate or private character. The police regulations of a city are not made or enforced in the interest of the city in its

corporate capacity, but in the interest of the public. A city, therefore, is not liable for the acts of its officers in attempting to enforce such regulations.'' Other cases in this jurisdiction to the same effect are *Clarke v. City of Chicago,* 159 Ill. App. 20; *City of Chicago v. Williams,* 182 Ill. 135, and *Tollefson v. City of Ottawa,* 228 Ill. 134. The decisions in this State are in harmony upon the above proposition and are binding upon this court.

It is manifest that only in the exercise of its police powers could the City enter upon the premises of De-Smet and remove the pole or compel its removal by him. The exercise of this power is a governmental function, used for the benefit of the public and general welfare. For the failure to exercise this power the municipality cannot be held answerable in damages.

We hold that there is no cause of action against the City of Chicago in this case, and that it was error in the trial court to deny the motion of the City to instruct the jury to find it not guilty. For the reason indicated the judgment of the Municipal Court is reversed and the cause is remanded.

*Reversed and remanded.*