# John J. Hanrahan, Jr., Appellee, v. City of Chicago et al., Appellants.

## Gen. No. 23,171.

1. MUNICIPAL CORPORATIONS, § 1079*—*when declaration in action against city for personal injuries due to fall of awning is sufficient.* A declaration, in an action against a city to recover for personal injuries, which alleges that a city, with notice, permitted an awning attached to private property adjoining the street and extending out and over the sidewalk on the street but not resting on or attached to the street itself, to be and remain in a weak and dangerous condition, and that it fell on plaintiff while he was using the street with due care, etc., injuring him, states a cause of action.

2. MUNICIPAL CORPORATIONS, § 993*—*what duty required of city to keep streets and sidewalks safe.* It is the duty of a city to use ordinary care to keep its streets and sidewalks reasonably safe, and it is liable for injuries caused by its neglect of this duty.

3. MUNICIPAL CORPORATIONS, § 993*—*what is extent of duty of city to keep streets and sidewalks reasonably safe.* The duty of a city to keep its streets and sidewalks reasonably safe is coextensive with the powers conferred upon and accepted by it.

4. EVIDENCE, § 435*—*what is proper hypothetical question as to relation between accident and injuries.* In an action against a city to recover for personal injuries caused by the fall of an awning over the sidewalk, where it appears that plaintiff became insane after the injury, it is not error to permit an expert medical witness to testify, in response to a hypothetical question by plaintiff setting out the facts shown by the evidence and asking whether or not there was, in his opinion, any relation between the accident described and the plaintiff's subsequent condition, that such condition was due to the accident and the injury, especially where defendant's experts were allowed to answer similar questions.

5. EVIDENCE, § 423*—*when physician may testify directly that malady is due to original injury.* In an action for personal injuries, where there is no dispute as to the manner and cause of the injury nor that there was an injury sustained by reason of the acts of which complaint is made, a physician may testify directly that a later malady was or was not caused by the accident or original injury.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Superior Court of Cook county; the Hon. THEO-
DORE BRENTANO, Judge, presiding.   Heard in the Branch Appellate
Court at the March term, 1917.   Affirmed.   Opinion filed March
12, 1918.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for
appellant City of Chicago; ROBERT H. FARRELL, of
counsel.

EARL J. WALKER and JAMES D. POWER, for appellee;
A. R. MILLER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

This is an appeal by the defendant, City of Chi-
cago, from a judgment of the Superior Court of Cook
county entered upon the verdict of a jury, in an action
on the case for personal injuries.

Appellant urges that the declaration does not state
a cause of action.   The declaration, in substance, al-
leges (and the proof shows) that the City of Chicago
with notice permitted a certain awning attached to
private property adjoining the street and extending
out over the sidewalk on the street, but not resting
on nor attached to the street itself, to be and remain
in a weak and dangerous condition; that it fell on
plaintiff while he was using the street with due care,
etc., injuring him.

In *Hanrahan v. City of Chicago*, 145 Ill. App. 38,
this court held that a precisely similar declaration
arising out of the same transaction did not state a
cause of action.   The ground of that decision was that
the negligence alleged related to acts which the city
was empowered to do as a governing · agency and
duties imposed for the public welfare to which the
maxim *respondeat superior* did not apply.   The au-
thority relied on was *Oliver v. City of Worcester*,
102 Mass. 489, and it was there stated: ''We are

aware of the conflict of authorities on this subject, * * * but we are disposed to follow the general current of the decisions of our Supreme Court as we understand them * * *."

Appellee calls our attention to decisions in Massachusetts and Illinois which indicate that divergent views on this subject are held by these courts. *Hill v. City of Boston,* 122 Mass. 379; *City of Chicago v. Keefe,* 114 Ill. 222.

The Supreme Court of Illinois in *City of Chicago v. Keefe, supra,* said: "In the view of the New England courts there is no implied liability for injuries resulting from defective streets or sidewalks—the liability is wholly statutory. * * * On the contrary, we hold, on principles of common law, that an action for damages resulting from negligence will lie against a municipal corporation if the duty to make repairs is fully declared, and adequate means are put within the power of the corporation to perform the duty." Citing, with other authorities, *Browning v. City of Springfield,* 17 Ill. 143.

In the later case of *Johnston v. City of Chicago,* 258 Ill. 494 [4 N. C. C. A. 40], the liability of a municipal corporation for negligence of its employees was discussed. The plaintiff there sued the City of Chicago because of the alleged negligence of an employee who was driving an automobile for the Chicago Public Library upon a public street, and had judgment. This was affirmed by the Appellate Court and a certificate of importance granted. [174 Ill. App. 414.]

It was urged that the City of Chicago in establishing and carrying on a public library was exercising a public or governmental function and that the action, therefore, would not lie. The Supreme Court affirmed the judgment, stating: "The organization of this public library is for the exclusive benefit of the territory of the City of Chicago and not for the State at large. It has been organized by the people of that

city, through their proper representatives, voluntarily, and the duties to be performed have not been thrust upon the people of said city *nolens volens*. Even a municipality, usually considered a *quasi* corporation, when voluntarily organized has been held by this court responsible for certain negligent acts of its employees.''

Upon the same reasoning, in the case of *Kinnare v. City of Chicago*, 171 Ill. 336, the Supreme Court held: ''The City of Chicago voluntarily adopted the Cities and Villages Act * * *. By adopting the act the city voluntarily assumed the burden of exercising the powers thus conferred upon it. * * *''

Included among the powers so conferred, and voluntarily undertaken by the city, is that of control of awnings which encroach upon the streets. Hurd's Rev. St. ch. 24, sec. 62 (J. & A. ¶ 1334). We think, therefore, within the rule announced in *Johnston v. City of Chicago, supra,* the declaration in this case stated a cause of action.

Further, the duty of the City of Chicago to use ordinary care to keep the street and sidewalks reasonably safe, and its liability for negligence with respect thereto, is so well established in this State as to make the citation of authorities unnecessary. It would seem on principle that the duty should be coextensive with the powers conferred and accepted. The extent of such power and authority is set forth in *People v. Harris*, 203 Ill. 272. Here it is said: ''And the dedication of the strip of land for a public street embraced not only the surface of the ground, but the light and air above, and an individual has no more right to obstruct the light and air above the street than he has to obstruct the surface of the soil.'' (See also, *Hibbard, Spencer, Bartlett & Co. v. City of Chicago*, 173 Ill. 91.)

Our attention is called by appellant to *Vossler v. DeSmet*, 204 Ill. App. 292. That was a case where

a pole which stood on a vacant lot of a private owner adjacent to, but neither on nor over the street, fell, injuring one who was traveling upon the street. Any power or authority which the city there had would necessarily have been exercised under its police powers, which makes the case clearly distinguishable from the instant one.

We conclude that the decision in the case of *Hanrahan v. City of Chicago,* 145 Ill. App. 38, is contrary to the law as announced by our Supreme Court as well as to the great weight of authority. Elliott on Roads & Streets, vol. 2, sec. 790; 15 Am. & Eng. Encyc. of Law, 458; 28 Cyc. 1379.

Appellant next urges that the court erred in the admission of evidence. It appears that, subsequent to the injury, plaintiff became insane and upon the trial a medical expert was called as a witness for the purpose of showing that the subsequent mental condition was caused by the injury received at the time of the accident. Counsel for plaintiff put to the expert a hypothetical question elucidating the facts as disclosed by the evidence for plaintiff and concluding: "Have you an opinion as to whether or not there is any relation between the accident described and his subsequent condition, including his subsequent condition?" An objection to this question upon the ground that it invaded the province of the jury was interposed and overruled. The expert answered: "That is the relation of cause and effect, that the subsequent condition was due to the accident and the injury."

Appellant insists that the admission of this evidence was error under the rule laid down in the case of *Fellows-Kimbrough v. Chicago City Ry. Co.,* 272 Ill. 71. We think not. In the first place the rule which appellant here contends for does not apply in cases where there is no dispute as to the manner and cause of the injury, nor dispute that there was an injury

sustained. The fact of the injury and the manner thereof was not disputed on the trial, and the defendant offered no evidence on that subject. In *Fellows-Kimbrough v. Chicago City Ry. Co., supra,* the court stated: ''In cases where there is no dispute as to the manner and cause of the injury and no dispute that there was an injury sustained by reason of the acts of which complaint is made, this court has held that a physician may then directly testify that a later malady was or was not caused by the accident or original injury, upon the same principle that he may testify that death resulted from a certain wound. *Schlauder v. Chicago & S. Traction Co.,* 253 Ill. 154; *City of Chicago v. Didier,* 227 Ill. 571.'' (See also, *Heineke v. Chicago Rys. Co.,* 279 Ill. 215.) In the second place, upon this trial, the defendant in presenting its expert evidence asked and its witnesses were allowed to answer questions similar to those of which it now complains. This it may not be allowed to do. *Policemen's Benev. Ass'n v. Ryce,* 115 Ill. App. 95; *Chicago & A. Ry. Co. v. Jennings,* 120 Ill. App. 195.

It is also urged that the verdict was against the weight of the evidence. We do not find it to be clearly and manifestly so. The judgment will therefore be affirmed.

*Affirmed.*